Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Respondent Blake Lively*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINER FREEDMAN TAITELMAN + COOLEY LLP,<br><br>Movant,<br><br>v.<br><br>BLAKE LIVELY,<br><br>Respondent. | CASE NO.: 2:25-mc-53<br><br>**DECLARATION OF KRISTIN E. BENDER IN SUPPORT OF RESPONDENT BLAKE LIVELY'S POSITION IN THE JOINT STIPULATION IN OPPOSITION TO MOVANT'S MOTION TO QUASH** |

I, Kristin E. Bender, declare as follows:

1. I am an attorney at law licensed to practice in Washington, D.C., and New York. I am a partner with the law firm of Willkie Farr & Gallagher LLP and counsel for Respondent Blake Lively ("Ms. Lively" or "Respondent") in the above-entitled action. I submit this declaration in support of Ms. Lively's Position in the Joint Stipulation in Opposition to Movant's Motion to Quash Discovery (the "Stipulation"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. On May 20, 2025, Liner Freedman Taitelman + Cooley LLP ("Liner" or "Movant") was served by personal service with the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"), directed to Liner, in a case pending in the United States District Court for the Southern District of New York, captioned *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (the "Lively Action"), consolidated with 1:25-cv-00449.[1] Liner did not respond to any attempt at service by e-mail, causing personal service to be necessary.

3. During the parties' telephonic meet and confer on June 2, 2025, counsel for Ms. Lively noted that while certain adjustments to account for Liner's definitional objections to the Subpoena could be possible, they would not appear to resolve Liner's intended forthcoming motion to quash. Liner agreed that modification of the definitions would not itself resolve the issues underlying the intended forthcoming motion.

4. During the telephonic meet and confer on June 2, 2025, counsel for Ms. Lively inquired as to Liner's position on transfer and explained reasoning for

---

[1] On June 9, 2025, the Southern District of New York dismissed all claims brought by the Wayfarer Parties in *Wayfarer Studios LLC et al. v. Lively, et al.*, 25-cv-00449, providing limited opportunity to amend "only the allegations relevant to the claims of tortious interference with contract and breach of implied covenant." *See* Lively Action, ECF No. 296.

1  transferring the Subpoena to the issuing jurisdiction under Federal Rule of Civil Procedure 45(f). Liner "declined" to consent to transfer by email the following day, and did not include any position on transfer in its Joint Stipulation position provided to Ms. Lively on June 3, 2025.

5.   Liner has consistently used the following definition when issuing, on behalf of its clients in the underlying litigation, third party subpoenas to law firms, including to litigation counsel in the above-referenced action Manatt, Phelps, & Phillips, LLP: "The terms 'You' and 'Your' shall mean [subpoena recipient] and any of its partners, members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf."

6.   Ms. Lively has propounded discovery on the Wayfarer Parties for documents and communications concerning: efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions; the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content; involvement of public relations, crisis management, or Social Media firms concerning the Film; public statements or press releases drafted or initiated by the Wayfarer Parties concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, Baldoni, and/or Wayfarer; and numerous other discovery requests regarding *inter alia* the alleged retaliation and defamation campaign.

7.   A true and correct copy of the operative complaint (the "Lively Complaint") filed by Ms. Lively in the Lively Action is attached as Exhibit C,

1 | exclusive of exhibits appended thereto.[2]

2 |     8.    A true and correct copy of Liner's declining to consent to transfer the
3 | Subpoena under Rule 45(f) is attached as Exhibit D.

4 |     9.    A true and correct copy of the Case Management Plan in the Lively
5 | Action is attached as Exhibit E.

6 |     I declare under penalty of perjury under the laws of the United States of
7 | America that the foregoing is true and correct, and that this declaration was executed
8 | in Washington, D.C., on June 10, 2025.

                           /s/ Kristin E. Bender
                           Kristin E. Bender

---

[2] Ms. Lively has labeled exhibits sequentially with Liner Freedman's exhibits, and therefore starts with Exhibit C.

DECLARATION OF KRISTIN E. BENDER IN SUPPORT OF LIVELY'S POSITION IN THE JOINT
STIPULATION IN OPPOSITION TO MOVANT'S MOTION TO QUASH DISCOVERY