# EXHIBIT E

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BLAKE LIVELY,                          Plaintiff,          :
                                                           :
                    -v-                                    :   24-cv-10049
                                                           :                      CASE MANAGEMENT PLAN
WAYFARER STUDIOS LLC, JUSTIN                               :                      AND SCHEDULING ORDER
BALDONI, JAMEY HEATH, STEVE                                :
SAROWITZ, IT ENDS WITH US MOVIE                            :
LLC, MELISSA NATHAN, THE AGENCY                            :
GORUP PR LLC, and JENNIFER ABEL,       Defendants.         :
                                                           :
-----------------------------------------------------------:
WAYFARER STUDIOS LLC, JUSTIN                               :
BALDONI, JAMEY HEATH, IT ENDS           Plaintiffs,        :
WITH US MOVIE LLC, MELISSA                                 :
NATHAN, and JENNIFER ABEL,                                 :
                                                           :   25-cv-00449
                    -v-                                    :
                                                           :
BLAKE LIVELY, RYAN REYNOLDS,                               :
LESLIE SLOANE, and VISION PR, INC.     Defendants.         :
-----------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have __X__ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties [have _____ / have not __X__] engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than April 18, 2025_____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] <u>Note</u>: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

   **Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than ~~February 13, 2025~~ February 18, 2025. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed no later than August 14, 2025 with substantial completion of document production by July 1, 2025. [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a. Initial requests for production of documents shall be served by ~~March 5, 2025~~ March 14, 2025.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by ~~March 5, 2025~~ March 14, 2025. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d. Depositions shall be completed by August 14, 2025.

    e. Requests to Admit shall be served no later than August 14, 2025.

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by October 15, 2025. [*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

9. All discovery shall be completed no later than October 15, 2025.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than January 23, 2026.

11. A post-discovery status conference shall be held on: October 21, 2025 at 10 am. A joint letter updating the Court on the status of the case shall be filed on ECF by one

week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

> (1) all existing deadlines, due dates, and/or cut-off dates;
>
> (2) a brief description of any outstanding motions;
>
> (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;
>
> (4) the status of settlement discussions;
>
> (5) the anticipated length of trial and whether the case is to be tried to a jury;
>
> (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than **November 5, 2025**. [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13. This case [is **X** / is not _____ ] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is **2 weeks (Lively/Reynolds Parties)** . **2 weeks (Sloane/Vision PR Parties)**
**6 weeks (Wayfarer Parties)**

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

> a. _____ Referral to a Magistrate Judge for settlement discussions.
>
> b. **X** Referral to the Southern District's Mediation Program.
>
> c. _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

> 1. The parties will be prepared to address the letter motion regarding pretrial publicity and attorney conduct, and issues related thereto. *See* 24-cv-10049, Dkt. No. 45 (referencing Dkt. Nos. 17, 27, 43).
>
> 2. The parties will be prepared to address the status of a proposed FRCP 26(c) protective order and FRE 502(d) order.
>
> 3. Counsel for the Wayfarer Parties indicated that they would like to discuss issues related to depositions, including scheduling.

3

| Counsel for the Parties: | Liner Freedman Taitelman + Cooley: Bryan Freedman |
| --- | --- |
| | Miles Cooley, Theresa Troupson, Summer Benson, |
| Michael Gottlieb, Kristin Bender | Jason Sunshine. Meister Seeling & Fein PLLC: |
| Willkie Farr & Gallagher LLP | Mitch Schuster, Kevin Fritz, Amit Schertzer |
| Esra Hudson, Stephanie Roeser | |
| Manatt, Phelps & Phillips LLP | |
| | Sigrid McCawley, Andrew Villacastin, Lindsey Ruff |
| Dated: February 3, 2025 | Boies Schiller Flexner LLP |
| New York, New York | |

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

4