Esra A. Hudson (CA Bar No. 202881)
Stephanie A. Roeser (CA Bar No. 306343)
Sarah E. Moses (CA Bar No. 291491)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

*Counsel for Respondent*
*Blake Lively*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINER FREEDMAN TAITELMAN + COOLEY, LLP, a limited liability partnership<br><br>*Movant*,<br><br>v.<br><br>BLAKE LIVELY, an individual,<br><br>*Respondent*. | Case No. 2:25-mc-53<br><br>**RESPONDENT BLAKE LIVELY'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO LINER'S MOTION TO QUASH THE SUBPOENA DUCES TECUM**<br><br>Date: July 11, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6a<br><br>Action Filed: June 13, 2025<br><br>Underlying Action: United States District Court for the Southern District of New York, No. 24-cv-10049 |

## I. THE COURT SHOULD TRANSFER THE MOTION.

As Ms. Lively has explained, "exceptional circumstances" warrant transfer of the instant Motion to the issuing court of the Southern District of New York. *See* ECF No. 1-1 at 8–9; Fed. R. Civ. P. 45(f). Ms. Lively respectfully submits that the Court should do so on an expedited basis, as the Court's schedule permits. *See generally Le v. Zuffa, LLC*, 2017 WL 11632246 (C.D. Cal. Mar. 17, 2017).

In addition to the issuing court's familiarity with the complex underlying action, transfer is warranted because discovery has progressed significantly even since submission of the instant Motion. By the time this Court's scheduled July 11 argument takes place, the parties are required to have substantially completed their document productions per the New York court's schedule and the close of fact discovery will be barely a month away. *See* ECF No. 1-8 at 3. Transfer is warranted where, as here, swift resolution is of the essence. *See In re Qualcomm Inc. v. Apple, Inc.*, 2025 WL 42508, at *5 (S.D. Cal. Jan. 7, 2025) (transferring where "substantial risk that any ruling … will disrupt the issuing court's management of the Underlying Litigation"); *3B Med., Inc. v. Resmed Corp.*, 2016 WL 6818953, *3–4 (S.D. Cal. 2016) (transferring where discovery was set to close in less than a month).

Further, the issuing court is best positioned to rule on the arguments presented in the Motion, including those which "implicate consideration of the scope of relevant discovery" and the propriety of the Subpoena vis-à-vis the underlying action. *See In re Google LLC v. Keller Williams Realty, Inc.*, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024). The Southern District of New York also recently issued multiple discovery rulings, including on third-party subpoenas, relating to requests bearing on Content Creators, digital activity, and communications with reporters—each of which is squarely relevant to the instant Subpoena. *See, e.g.*, *Blake Lively, et al. v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (the "Lively Action"), ECF No. 355; *In re Google LLC*, 2024 WL 2178422, at *2; *Drennen v. Certain*

1

MEMORANDUM OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF SUBPOENA TO PRODUCE DOCUMENTS SERVED ON LINER FREEDMAN TAITELMAN + COOLEY, LLP

*Underwriters at Lloyd's of London*, 2021 WL 4978459, at *2 (C.D. Cal. Feb. 16, 2021) (transfer appropriate where issuing court "has already considered issues critical to the motion to quash"); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429–430 (N.D. Cal. 2014).[1]

These considerations outweigh Liner's interests in obtaining local resolution of the Motion. *Accord* Fed. R. Civ. P. 45 advisory comm. notes to 2013 Amendments; *In re Qualcomm Inc.*, 2025 WL 42508, at *5 (S.D. Cal. Jan. 7, 2025). Indeed, as previously noted, Liner is presently litigating the case in New York, has entered appearances and has an office there, and chose to bring claims there. ECF No. 1-1 at 9; *Drennen*, 2021 WL 4978459, at *2. Plus, the Southern District of New York regularly resolves discovery disputes remotely, further minimizing any burden. *See* Lively Action, ECF No. 116; Lively Action, ECF No. 364).

## II. THE COURT SHOULD DENY LINER'S MOTION TO QUASH THE CONTENT CREATOR REQUESTS.

Requests 1 through 4 (the "Content Creator Requests") are reasonably tailored to obtain critical, non-privileged information regarding Ms. Lively's retaliation claims that is available from no source other than Liner, a percipient and involved witness and participant in the case. Ms. Lively is entitled to discovery into any work that Liner performed in deploying, or directly retaining, Content Creators to further a retaliatory, anti-Lively narrative as an agent involved in the liable conduct. The Content Creator Requests are appropriate under any applicable standard. *See* ECF No. 1-1 at 5–8, 15–20, 23–25, 28, 31–32.[2]

---

[1] The New York court will also be substantially familiar with the singular *Friedman* standard that may apply to the Subpoena and that is applied by the Second Circuit (as compared to the ambiguity as between *Shelton* and *Friedman* in this jurisdiction)—if those tests apply. *See* ECF No. 1-1 n.8 (citing cases).

[2] *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003);

     Liner's primary arguments—that the Requests are definitionally overbroad and burdensome, and that they target "potentially privileged" information—have now been rejected by recent court order. With respect to Liner's overbreadth and burden objections, since the instant Motion was filed, the Southern District of New York has ruled that "Content Creators," defined as "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates" (as Ms. Lively has agreed to define it in discovery, Lively Action, ECF No. 295), "***is not 'hopelessly vague' or unduly burdensome,***" because that definition "does not include any person who can generate, create, or influence online content, but only the much smaller subset of those who do so on the behalf of or at the request of a given Wayfarer Party." *See* Lively Action ECF No. 355 at 4 (emphasis added). The Court further indicated that discovery requests seeking information "regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions" constituted "wording … sufficiently specific to enable a targeted response by the Wayfarer Parties." *Id.* at 2. The same conclusions hold as to Liner. *See Davis v. Bangs*, 2021 WL 6882324, at *9 (C.D. Cal. Mar. 26, 2021) (overruling objections where "applying common sense interpretations, the documents sought by the RFPs are reasonably clear"); *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (citing *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012)).

     As to the issue of privilege, it cannot reasonably be argued that agreements Request No. 1), invoices (Request No. 2), payments and financial information (Request Nos. 3–4) are privileged. *See, e.g.*, *Zuehlsdorf v. FCA US LLC*, 2020 WL

---

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

8575138, at *3 (C.D. Cal. Dec. 15, 2020) (agreements not privileged); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 130 (9th Cir. 1992); *see also Hargis v. Pacifica Senior Living Mgmt. LLC*, 2025 WL 1401550, at *4 –*5 (C.D. Cal. Mar. 10, 2025); *see generally* ECF No. 1-1 at 17–18, 24. Further, as Ms. Lively has previously addressed, the Content Creator Requests seek information from Liner—and its lead counsel Mr. Freedman—that relates to a non-legal witness and spokesperson function, not a legal one. *See* ECF No. 1-1 at 18–19.[3] Discovery as to attorneys who are involved in the underlying circumstances and allegations of a case is not only appropriate, but expected, in these circumstances. *See* ECF No. 1-1 at 7 & n.5 (citing cases); *see also Hurd v. Boston Sci. Corp.*, 2023 WL 3564783, at *4 (C.D. Cal. May 5, 2023); *Dorroh v. Deerbrook Ins. Co.*, No. 1:11-cv-2120 AWI GSA, 2012 WL 4364149, at *8 (E.D. Cal. Sept. 21, 2012); *Devlyne v. Lassen Mun. Util. Dist.*, 2011 WL 4905672, at *2–3 (E.D. Cal. Oct. 14, 2011).[4]

---

[3] Mr. Freedman's function as witness to and participant in the underlying events remains on full display to the present. *See, e.g.*, The Megyn Kelly Show, *Justin Baldoni's Lawyer Says He Won't Settle with Blake Lively, and What's Next, w/ Bryan Freedman*, at 17:22-17:54, (YouTube, June 11, 2025), https://www.youtube.com/watch?v=gm8cXmwJc9w (regarding the alleged smear campaign, "There was an organic response as a result of that. I think that was too much for her. It was too much for her to believe that somebody could actually not like her based on her own bel– her own conduct. I think that was something that, that, that she couldn't handle. Whether that's a, a, you know, whether that's an interesting narcissism quality or otherwise, I don't know, I'm not a doctor. But, but I can tell you this: the, the result of it was her scurrying around trying to blame someone else ….").

[4] While Liner has objected in passing that these Requests (and Request No. 8) are not crucial as to Ms. Lively's harassment and emotional distress claims, Liner has *not* argued (and thus has waived) the argument that they are not critical to Ms. Lively's other claims, including her retaliation claims. *See* ECF No. 1-1 at 13; *see also Sherman v. CLP Res., Inc.*, 2014 WL 12850524, at *1, n.2 (C.D. Cal. Sept. 10, 2014) (refusing new arguments raised only in the Supplemental Memorandum

### III. THE COURT SHOULD DENY LINER'S MOTION TO QUASH THE COMMUNICATIONS REQUESTS.

Requests 5 through 8 (the "Communications Requests") seek discovery from Liner that is appropriate and critical for largely the same reasons as outlined above. Of note, these Requests seek information *other than* accessible from the Wayfarer Parties (and thus are not privileged), in order to discover Liner's **pleaded** role in the perpetrating the liable defamatory and retaliatory conduct against Ms. Lively. The Communications Requests are therefore appropriate and do not warrant quashing. *See* ECF No. 1-1 at 5–8, 34–35, 36–38, 40–41, 43; ECF No. 1-6 ¶¶ 221, 296–98.

If there were any doubt, the Southern District of New York has made clear that third party communications, such as those sought here, are patently relevant. According to that court, the Lively Complaint "states that Defendants themselves continued to be involved after December 21, 2024," and thus found that the "***Wayfarer Parties' engagement with media outlets*** after the release of the CRD complaint ***is relevant to the truth or falsity of these allegations***[.]" Lively Action, ECF No. 355 at 4 (emphasis added). That is, not only are communications with third parties relevant to Ms. Lively's claims, including *after* December 21, 2024, but given the Lively Complaint also "cites certain specific statements made by Defendants' lawyer," the discovery in these requests is permitted by the same logic. *Id.*[5]

//
//
//

---

because it is "restricted to contentions 'of law' and 'points and authorities'" under Local Rule 37-2.3); *Burton v. AbbVie, Inc.*, 2023 WL 4677028, at *2 (C.D. Cal. June 1, 2023). Regardless, Ms. Lively has explained why Liner's involvement in this case is crucial and appropriate for discovery. *See* ECF No. 1-1 at 5–8.

[5] The claim of burden based on redactions also fails. *See United States v. Chevron Corp.*, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996).

5

MEMORANDUM OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF SUBPOENA TO PRODUCE DOCUMENTS SERVED ON LINER FREEDMAN TAITELMAN + COOLEY, LLP

### IV. CONCLUSION

The Court should transfer the Motion, or alternatively, should deny Liner's Motion to Quash.

Dated: June 27, 2025

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Esra A. Hudson*
Esra A. Hudson

Attorneys for Respondent
Blake Lively