# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
BLAKE LIVELY, :
:
      Plaintiff, : 24-cv-10049
:
   -v- : ORDER
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
:
      Defendants. :
:
-----------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :
SAROWITZ, :
:
      Plaintiffs, :
:
   -v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
:
      Defendants. :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

  Blake Lively ("Lively") and Ryan Reynolds ("Reynolds") move to compel Wayfarer

Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us

Movie LLC ("IEWU"), Melissa Nathan ("Nathan"), The Agency Group PR LLC ("TAG"), and

Jennifer Abel ("Abel," and collectively, the "Wayfarer Parties") to respond to certain

interrogatories served on March 14, 2025. Dkt. No. 295. The motion is granted in part and denied in part.

Lively and Reynolds seek to compel responses to three interrogatories. The first interrogatory (the "Account Interrogatory") states:

> Identify any email account from May 1, 2024 to date, in which any third party, including but not limited to Content Creators or the media, had access for the purpose of communicating information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions.

This interrogatory was propounded by Reynolds (not Lively) to each of the Wayfarer Parties except IEWU and TAG. *See* Dkt. No. 295 App'x A. The interrogatory was propounded by Lively to TAG. *See id.* While Lively and Reynolds' motion to compel was pending, the Court dismissed the Wayfarer Parties' claims against Reynolds, granting leave to amend certain claims. Dkt. No. 296. The Wayfarer Parties agreed that TAG would provide a supplemental response to the interrogatory, and TAG did so. *See* Dkt. Nos. 311, 345-1. None of the other Wayfarer Parties have responded to the interrogatory. Dkt. No. 345. The Wayfarer Parties object that "access" is impermissibly vague. Dkt. No. 311 at 2.

The motion to compel is denied as to the Account Interrogatory. The wording of the interrogatory is sufficiently specific to enable a targeted response by the Wayfarer Parties. However, Reynolds is not entitled to responses to this interrogatory because he is not a party. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); *Delancey v. Wells*, 2025 WL 1009415, at *7 (S.D.N.Y. Apr. 4, 2025) ("Courts have disallowed discovery regarding moot claims and parties."). As a party, Reynolds would be entitled to discovery relevant to "any party's claim or defense," Fed. R. Civ. P. 26(b)(1); but there are currently no claims or defenses in the case in which he was formerly a party, and therefore

2

nothing to which discovery would be responsive. *See* Dkt. No. 296. The mere possibility that an amended complaint may be filed is no basis for the Court to compel discovery regarding issues that are not pending and may never be pending before it. Reynolds may renew the motion if, after the filing of an amended complaint, the requested information is relevant to a claim or defense in an action where he is a party.[1]

> The second interrogatory (the "Reporter Interrogatory") states:
>
> Identify all reporters and news or media outlets of any kind with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies.

This interrogatory was propounded by Lively to all parties. Dkt. No. 295 App'x A. All of the Wayfarer Parties except Nathan and Abel have responded to the interrogatory but have limited their responses to the period between June 15, 2024, and December 21, 2024. Dkt. Nos. 344-1–344-6. Lively seeks responses through the present for all parties. Dkt. No. 295.

The motion to compel is granted as to the Reporter Interrogatory. The Wayfarer Parties have provided no justification for withholding the responses of Nathan and Abel regarding the period between June 15, 2024, and December 21, 2024, and in fact agreed to provide such responses. Dkt. No. 311 at 3. Regarding the period between December 21, 2024, and the present, the Wayfarer Parties object that although the Amended Complaint alleges the smear campaign is ongoing, it "does not assert any claims by Reynolds or the Lively/Reynolds

---

[1] The motion to compel is also denied as moot as to TAG, which has responded to the interrogatory. Dkt. No. 345-1. Although Lively expresses dissatisfaction with the response, the Court understands TAG to have construed the word "access" to include access through log-in credentials, by placing information in a "draft" folder or other email repository and providing a third-party with viewing access, by screen-sharing, or by other means, and thus to have completely answered the question propounded. *See Floyd's of Leadville, Inc. v. Alexander Cap., L.P.*, 2024 WL 4756013, at *1 (S.D.N.Y. Oct. 22, 2024), *on reconsideration in part*, 2024 WL 4566148 (S.D.N.Y. Oct. 24, 2024). To the extent that TAG has answered the interrogatory falsely or inconsistently with that understanding, other remedies may be available.

3

Companies" and "the pleading cites to the communications at issue." *Id.* These objections do not provide a basis to deny the motion. Although the Amended Complaint does not assert claims by Reynolds, it asserts that attempts to "discredit . . . Mr. Reynolds" were part of the campaign against Lively after December 21, 2024. *Id.* ¶ 296. And although it cites certain specific statements made by Defendants' lawyer, it also states that Defendants themselves continued to be involved after December 21, 2024, framing the campaign as a continuation of events prior to the CRD complaint. *Id.* ¶¶ 296–299 ("As before, Defendants have directly engaged with media platforms . . . ."). The Wayfarer Parties' engagement with media outlets after the release of the CRD complaint is relevant to the truth or falsity of these allegations, and the Wayfarer Parties have not raised any other objections.

The third interrogatory (the "Content Creator Interrogatory") states:

> Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

Dkt. No. 295 App'x A. This interrogatory was propounded by Lively to TAG and by Reynolds to the remaining Wayfarer Parties. *Id.*; Dkt. No. 345 at 3. Lively and Reynolds have agreed to define the term "content creators" to mean "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates." Dkt. No. 295.

The motion is granted as the Content Creator Interrogatory propounded by Lively to TAG. Defined as stated above, the interrogatory is not "hopelessly vague" or unduly burdensome. Dkt. No. 311. It does not include any person who can generate, create, or influence online content, but only the much smaller subset of those who do so on the behalf of or at the request of a given Wayfarer Party.

4

The motion is denied as to the Content Creator Interrogatories propounded by Reynolds, which are moot for the reasons stated above.

The motion to compel at Dkt. No. 295 is GRANTED IN PART AND DENIED IN PART. The Wayfarer Parties shall respond by June 25, 2025, to the interrogatories for which the motion is granted.

The Clerk of Court is respectfully directed to close Dkt. No. 295.

SO ORDERED.

Dated: June 18, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5