# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINER FREEDMAN TAITELMAN + COOLEY, LLP,<br><br>　　　　　　　Movant,<br>　　v.<br>BLAKE LIVELY, an individual,<br>　　　　　　　Respondent. | No. 2:25-mc-00053-MWC-AJR<br><br>**MEMORANDUM DECISION AND ORDER TRANSFERRING MOTION TO QUASH TO THE SOUTHERN DISTRICT OF NEW YORK (DKTS. 1, 7, 15)** |

## I.
## INTRODUCTION

This is a miscellaneous case initiated in this district on June 13, 2025 by Movant Liner Freedman Taitelman + Cooley, LLP ("Movant") through the filing of a Motion to Quash Subpoena to Produce Documents (the "Motion to Quash") seeking to quash a subpoena arising out of two consolidated actions in the U.S. District Court for the Southern District of New York, Case Nos. 1:24-cv-10049 and 1:25-cv-00449 (the "New York Actions"). (Dkt. 1.) The Motion to Quash was filed as a joint stipulation with Respondent Blake Lively ("Respondent") in accordance with Local Rule 37-2. (Id.) Movant contends that the subpoena is "breathtakingly overbroad" and threatens to invade attorney-client privilege by directing the requests

to the law firm whose attorneys are counsel of record in the New York Actions. (Id. at 3.) Respondent contends that the discovery sought is necessary and justified by the extensive allegations of the law firm's role in the case, but also that the Motion to Quash should be transferred to the Southern District of New York. (Id. at 5-9.) Movant does not address Respondent's transfer argument in the initial motion papers.

On June 27, 2025, Respondent filed a Supplemental Memorandum of Law in Opposition to the Motion to Quash (the "Opposition"). (Dkt. 7.) Also on June 27, 2025, Movant filed a Supplemental Memorandum in Support of the Motion to Quash (the "Supporting Memo."). (Dkt. 15.) On July 3, 2025, the Court held an informal discovery conference to discuss the Motion to Quash generally and the parties' views on potential transfer of the motion to the Southern District of New York in particular. (Dkt. 18.) At the conclusion of the hearing, the Court advised of its tentative view that the motion should be transferred and advised that a ruling would be forthcoming shortly. For the reasons set forth below, the Court concludes that Respondent has met her burden to show that exceptional circumstances justify transfer of the Motion to Quash to the Southern District of New York.

## II.
## LEGAL STANDARD

A third party subject to a subpoena may challenge the subpoena in the district where compliance is required. See Fed. R. Civ. P. 45(d). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes for the 2013 Amendment explain that "[i]n the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." The

Advisory Committee Notes go on to explain as follows:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 Advisory Committee Notes for 2013 Amendment.

In assessing the existence of exceptional circumstances under Rule 45(f), courts have considered a number of factors relating to the underlying litigation including the "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Jud. Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014) (collecting cases); accord E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015). Accordingly, the question before the Court "involves a balancing test—whether the circumstances favoring transfer outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Valle del Sol, Inc. v. Kobach, 2014 WL 3818490, at *3 (D. Kan. Aug. 4, 2014); accord Le v. Zuffa, LLC, 2017 WL 11632246, at *2 (C.D. Cal. Mar. 17, 2017); Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC, 2016 WL 593546, at *3 (D. Nev. Feb. 12, 2016).

## III.
## DISCUSSION

The Court has considered the factors outlined above related to the underlying litigation and concludes that Respondent has met her burden to show that exceptional circumstances justify transfer of the Motion to Quash to the Southern District of New

York. As an initial matter, the New York Actions from which the subpoena at issue arises date back to December 31, 2024 and have been heavily litigated over the past six months. (See S.D.N.Y. Case Nos. 1:24-cv-10049, 1:25-cv-00449.) The current Fact Discovery Cut-Off in the lead action is August 14, 2025 and the parties were required to achieve substantial completion of document production by July 1, 2025. (See S.D.N.Y. Case No. 1:24-cv-10049, Dkt. 58 at 2.) The presiding judge has ruled on a wide variety of discovery motions including subpoenas to third parties. (See S.D.N.Y. Case No. 1:24-cv-10049, Dkts. 216, 266, 284, 303, 339, 341, 355, 357.) These prior discovery rulings by the issuing court create an exceptionally high risk that any ruling by this Court on the issues raised in the Motion to Quash would interfere with the presiding judge's management of the New York Actions. See, e.g., E4 Strategic Sols., Inc., 2015 WL 12746706, at *3 (finding exceptional circumstances to transfer motion to quash to the issuing court based on high likelihood of inconsistent rulings and citing cases). For the same reasons, this Court also finds the existence of exceptional circumstances justifying transfer to the Southern District of New York based on judicial economy and efficiency. See, e.g., Helping Hand Caregivers Ltd. v. Darden Corp., 2016 WL 10987313, at *2 (C.D. Cal. Feb. 17, 2016) (finding exceptional circumstances to transfer motion to quash to the issuing court based on judicial economy and citing cases).

      The Court weighs Movant's interest in local resolution of the Motion to Quash against the exceptional circumstances set forth above that justify transfer to the issuing court. See, e.g., Le, 2017 WL 11632246, at *2 ("Although the Advisory Committee makes clear that the prime concern is consideration of the burdens on local nonparties subject to the subpoena, those burdens must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." (internal quotation marks omitted)). However, Movant has failed to articulate any burden that would arise from being required to pursue the Motion to Quash before the issuing court. Indeed, Movant strangely did not respond

to Respondent's transfer arguments in the initial joint stipulation filing. (Dkt. 1 at 8-9.) In the Opposition, Movant emphasizes its right to have this Court decide the Motion to Quash, but never actually argues that it would suffer any burden from being forced to litigate the Motion to Quash before the issuing court. (Dkt. 15 at 6.) To the contrary, Movant acknowledges that it has the ability to litigate before the Southern District of New York and advertises a New York office on its website. (Id.) The Court finds it significant that Movant's attorneys are counsel of record in the New York Actions. Thus, there simply is no burden on Movant from being forced to litigate the Motion to Quash in a forum where Movant's attorneys regularly appear and are litigating the underlying action. See, e.g., Helping Hand Caregivers Ltd., 2016 WL 10987313, at *3 ("Finally, any concern about Jones' burden in resolving Plaintiff's Motion to Compel in the Northern District of Illinois is minimal because he is a party to the underlying action.").

In sum, the exceptional circumstances justifying transfer of the Motion to Quash to the issuing court easily outweigh the non-existent burden on Movant. Thus, the Court concludes that the Motion to Quash must be transferred to the Southern District of New York for resolution by the judge presiding over the New York Actions. See Fed. R. Civ. P. 45(f).

## IV.
## ORDER

Based on the foregoing, pursuant to Federal Rule of Civil Procedure 45(f), it is hereby Ordered that the Clerk of this Court transfer the Motion to Quash (Dkt. 1), the Opposition (Dkt. 7), and the Supporting Memo. (Dkt. 15) to the U.S. District Court for the Southern District of New York to lead Case No. 1:24-cv-10049. See, e.g., In re U.S. Dep't of Educ., 25 F.4th 692, 699 (9th Cir. 2022) ("The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus,

the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it."). Because the action before this Court is a miscellaneous case initiated by the Motion to Quash, the Court directs the Clerk of Court to administratively close the action in the Central District of California.

      IT IS SO ORDERED.

DATED: July 7, 2025      _____
                                        HON. A. JOEL RICHLIN
                                       UNITED STATES MAGISTRATE JUDGE